IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIE CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-01021 |
| ) | |
| CORRECT CARE SOLUTION, et al., ) | Judge Campbell |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Willie Chambers, an inmate in the custody of the Davidson County Sheriff, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1916(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Factual Allegations

Plaintiff alleges that around the end of May 2015, he fell and hurt his toe while playing basketball at the Hill Detention Center. He was seen by medical staff in the clinic, but "no care was given" except for ordering x-rays, which established in July that his toe was broken. Plaintiff was provided with a brace for his foot, but was not given any other care or pain medication, although he rated his pain level at 8. He alleges that the nurse practitioner who treated him has "admitted negligence" and apologized. Plaintiff names as defendants the unnamed nurse practitioner, her employer Correct Care Solution, Davidson County Sheriff Hall, who contracted with Correct Care Solution to provide medical care at the detention center, the Davidson County Sheriff's Office and the Hill Detention Center.

## III. Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th

Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

To state a claim arising from allegedly inadequate medical care under the Eighth Amendment and § 1983, a plaintiff must allege that the defendant was deliberately indifferent to his serious medical needs, meaning that the defendant knew of and disregarded a substantial risk of serious harm to the plaintiff's health. *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009) (citing *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) and *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994)).

For the purpose of satisfying the objective component of this test, the Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted).

The subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To establish the subjective component of this alleged violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed

to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5. Notwithstanding, the Sixth Circuit has also recognized that "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id.*

It is well established that pain can be a "sufficiently serious" medical need for purposes of a deliberate indifference claim. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1154–55 (6th Cir.1991) (reversing grant of summary judgment to defendant who failed to provide pain medication and holding that "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering."); *accord Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir.1999) (reversing grant of summary judgment to prison guard who failed to provide pain medication to inmate); *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir.1999) ("[P]rison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain."); *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir.1997) (finding that "substantial" pain was a serious medical need).

Construing the complaint liberally in his favor, the Plaintiff's allegation that the unnamed nurse practitioner failed to make any effort to alleviate his level 8 pain from a broken toe states a colorable claim for deliberate indifference.

-4-

With regard to the remaining individual defendants, however, Plaintiff fails to state a claim. A defendant's personal involvement in the deprivation of constitutional rights is required to establish his or her liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005). Plaintiff does not allege any facts to establish that Sheriff Hall was aware of and disregarded his medical needs. To the contrary, the Plaintiff expressly acknowledges that Sheriff Hall "is being sued due to him contracting Defendant(s) Correct Care Solutions-Medical whom in return employed this unknown Nurse Practitioner." Because being a party to a contract is not sufficient to make the sheriff liable under § 1983, the claim against him will be dismissed.

The Davidson County Sheriff's Office is not an entity that is subject to liability under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2, *3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Broadly construing the claims against the Sheriff's Office as being asserted against Metropolitan Nashville and Davidson County ("Metro"), of which the Sheriff's Office is a division, a local government like Metro is not liable under § 1983 unless the alleged violation occurs pursuant to the municipality's policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 692 (1978). Because Plaintiff has not alleged any such policy or custom underlying the alleged violation of his rights, he has failed to state a claim against the Sheriff's Office.

Plaintiff also names Correct Care Solutions, the medical services contractor for the jail, as a defendant. Although a private corporation that performs a traditional state function acts under the color of state law for purposes of § 1983, it cannot be found liable solely on the basis of *respondeat superior*. *Thomas v. Coble*, 55 F. App'x 748, 748-49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some

official policy or custom. *Id.* at 749 (citing *Monell*, 436 U.S. at 691); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996). As already noted, Plaintiff does not allege that any policy or custom played any role in his allegedly inadequate care. His claim against Correct Care Solutions will accordingly be dismissed.

And finally, Plaintiff's claim against the Hill Detention Center must be dismissed because the jail itself is not a "person" or entity subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb.4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").

## V. CONCLUSION

For the reasons set forth herein, the court will allow Plaintiff to prosecute his claim against the unnamed nurse practitioner for deliberate indifference to his medical needs, if he is able to identify and serve her with process. All other claims asserted in this action will be dismissed for failure to state a claim upon which relief can be granted. An appropriate order is filed herewith.

Todd Campbell
United States District Judge