```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

WILLIE CHAMBERS,                )
                                )
    Plaintiff              )
                                )       No. 3:15-1021
v.                              )       Judge Campbell/Brown
                                )
CORRECT CARE SOLUTIONS, *et al.*, )
                                )
    Defendants             )

**TO:  THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this action be dismissed without prejudice for failure to obey the Court's order to keep a current address on file at all times.

### BACKGROUND

The Plaintiff filed his complaint against Correct Care Solutions and others, including an unnamed nurse practitioner on September 22, 2105 (Docket Entry 1). On an initial review, all claims were dismissed with the exception of claims against the unknown nurse practitioner (Docket Entry 4). In that order the Plaintiff was specifically advised that he would need to secure the identity of the nurse practitioner within 120 days and file a motion to amend his complaint. He was further specifically advised that failure to keep an address on file with the Clerk would jeopardize the prosecution of his case. The Plaintiff received a copy of this order by certified mail on or about October 1, 2015 (Docket Entry 10).

The Plaintiff, in accordance with the Court's order, filed a motion to amend his complaint (Docket Entry 7) on October 8, 2015, to name David Miller as the unnamed nurse practitioner.

This motion was granted and the Clerk was directed to send the Plaintiff a service packet and the Plaintiff was further directed to return it within 14 days. It appears this mail was returned as undeliverable (Docket Entries 11 and 12) with the notation that the Plaintiff had been released from the jail on October 7, 2015.

As of the date of this order the Plaintiff has not returned a service packet for the nurse practitioner, nor has the Plaintiff provided an updated address so that the Court may contact him.

**LEGAL DISCUSSION**

As Judge Campbell held in Smith v. Correction Corporation of America 3:14-cv-1259 Docket Entry 7 (DC MDTN 2014):

> An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521 at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield*, 92 F.3d 412,416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash Railroad*, 370 U.S. 626,630-31 (1962).

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case the Plaintiff was specifically warned by the Court of the need to keep a current address on file with the Clerk at all times. He received this order while still at the jail. The Plaintiff initially complied with the Court's order by identifying the nurse practitioner. However, it appears that the Plaintiff was released from the jail on October 7, 2015 and has not contacted the court since mailing his motion to amend on October 5,2015. His failure to follow up appears wilful.

While at this stage of the case there in no clear prejudice to the remaining defendant the case cannot proceed and memories will fade and records may be harder to locate.

As noted above the Plaintiff was specifically warned about the need to keep a current address on file with the clerk.

The Magistrate Judge has considered the less drastic remedy of dismissal without prejudice rather that dismissal with prejudice and will recommend the lesser sanction[1].

**RECOMMENDATION**

For the reasons state above the Magistrate Judge recommends this action be dismissed without prejudice for failure to obey court orders and to prosecute his case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of November, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] Even though the dismissal may be without prejudice a later filing may be bared by the statute of limitations.